UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RANDALL CURTIS WOTRING d/b/a
CARGO TRAPP INDUSTRIES, INC.,

    Plaintiff,

v.                                            Case No. 1:05-CV-570

SMITTYBILT AUTOMOTIVE               HON. GORDON J. QUIST
GROUP, INC.,

    Defendant.
_____/

**OPINION**

Plaintiff filed his complaint in this case on August 24, 2005, alleging that Defendant infringed United States Patent 5,368,210 (the '210 Patent), which Plaintiff owns. Plaintiff served the summons and complaint on Defendant on November 1, 2005, in Corona, California. Defendant failed to file an answer or otherwise respond within the allotted time, and on January 11, 2006, the Clerk entered a default against Defendant.[1] Presently before the Court are Plaintiff's motion for default judgment and motion for permanent injunction.

Defendant is a corporation and therefore is not a minor, an incompetent person, or a current member of the military service. See Fed. R. Civ. P. 55(b); 50 App. U.S.C. § 521; Bd. of Trs. of the Sign Pictorial & Display v. Preferred Exhibitor Serv., No. C-04-2826 MJJ, 2005 WL 43958, at *1 (N.D. Cal. Jan. 10, 2005) ("As a corporation, Defendant is not a unrepresented minor, an incompetent person, or a person in military service."). It is well-established that once a default is

---

[1] On January 10, 2005, the Clerk erroneously entered Plaintiff's proposed default judgment. Such act was invalid because the Clerk is not authorized to enter default judgments not involving a sum certain, as in this case. In any event, the docket now indicates that the proposed order was entered in error, and this Opinion and accompanying Order and Judgment supercede the improperly entered default judgment.

entered against a defendant, that party is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110-11 (6th Cir. 1995); Cotton v. Slone, 4 F.3d 176, 181 (2d Cir. 1993). Therefore, by its default, Defendant has admitted all facts to establish its liability. Plaintiff is entitled to a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). However, Plaintiff must still establish his damages. Antoine, 66 F.3d at 110.

In support of his request for damages, Plaintiff has submitted evidence showing that Defendant has sold 1859 units that infringe the '210 Patent and that there are no other known competitive non-infringing products made in accordance with the '210 Patent. Plaintiff states that the profit per unit is $15, resulting in total damages of $27,885 for lost sales. The Court concludes that Plaintiff has sufficiently established this amount as his damages in this case. Plaintiff requests that the Court exercise its discretion pursuant to 35 U.S.C. § 284 and treble the damage award. It is well established that a district court may increase damages under § 284 where the plaintiff shows willful infringement or bad faith. See Beatrice Foods Co. v. New England Printing & Lithographing, 923 F.2d 1576, 1578 (Fed. Cir. 1991). In support for his request for increased damages, Plaintiff has presented evidence showing that Defendant's president had been the president of a previous licensee of the '210 Patent and was thus aware of its existence. In addition, Plaintiff has shown that Defendant acted with full knowledge of the '210 Patent and therefore willfully infringed the patent. Accordingly, the Court finds that Defendant's infringement was willful and that this is an appropriate case for increased damages. Thus, the Court will exercise its discretion and increase the damage award to $83,665.

Plaintiff also requests an award of attorney fees and costs pursuant to 35 U.S.C. § 285. Courts may award attorney fees to prevailing parties in "exceptional cases." 35 U.S.C. § 285. Specifically, Plaintiff requests that the Court award him $14,785.89 in fees and $503.89 in costs.

2

A finding that the infringement was willful may be sufficient in a particular case to support a determination that the case is "exceptional" for purposes of an award of attorney fees. See Golight, Inc. v. Wal-Mart Stores, Inc., 355 F.3d 1327, 1339-40 (Fed. Cir. 2004). Regardless of whether the Court considers this case "exceptional," it declines to award Plaintiff attorney fees. "The party requesting fees must submit billing statements that are sufficiently detailed so that . . . the court can determine the reasonableness of the requested fee." Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs. Ltd., No. 02-C-0391-C, 2003 WL 23095743, at *2 (W.D. Wis. Nov. 6, 2003). Where the requesting party fails to support its request with documentation, such as an affidavit or a fee statement, to allow the court determine whether the requested amount is reasonable, the court may decline to award fees. See Va. Panel Corp. v. Mac Panel Co., 139 F. Supp. 2d 753, 767 (W.D. Va. 2001). In this case, Plaintiff has failed to present any documentation to show that the requested amount is reasonable. In the absence of such documentation, the Court cannot determine the hourly rate, the number of hours incurred, and the work that was performed. Accordingly, no fees will be awarded. Similarly, the Court cannot determine why Plaintiff incurred $503.89 in costs because Plaintiff has not submitted a statement of costs. It is reasonable to assume, however, that the $250 filing fee is part of those costs. Therefore, the Court will award that amount to Plaintiff.

Plaintiff also requests an award of pre-complaint interest pursuant to M.C.L. § 438.7 and an award of pre-judgment interest (from the date of filing the complaint through the date of judgment) pursuant to M.C.L. § 600.6013(8). The rate of prejudgment interest is a matter left to the district court's discretion. See Bio-Rad Labs., Inc. v. Nicolet Instrument Corp., 807 F.2d 964, 969 (Fed. Cir. 1986). "In exercising [its] discretion . . . the district court must be guided by the purpose of prejudgment interest, which is to ensure that the patent owner is placed in as good a position as he would have been had the infringer entered into a reasonable royalty agreement." Id. (internal

quotations omitted). In light of Defendant's willful infringement, the Court concludes that Plaintiff is entitled to an award of pre-complaint and post-complaint interest. The Court will award Plaintiff pre-complaint interest in the amount of $4,183.25, based upon the rate of 5% per annum applied to the treble damage award. In addition, the Court will award Plaintiff post-complaint interest in the amount of $1,580.10, calculated at the rate of 4.529% per annum for five months.

Finally, pursuant to 35 U.S.C. § 283, Plaintiff seeks permanent injunctive relief prohibiting Defendant and others from making, using, selling, offering for sale, or importing products that fall within the scope of the claims of the '210 Patent. In light of Defendant's willful infringement of the patent, the Court finds that Plaintiff is entitled to the requested relief in order to protect his rights in the patent. Therefore, the Court will grant the motion for a permanent injunction.

An Order consistent with this Opinion will be entered.


Dated: January 31, 2006                               /s/ Gordon J. Quist
                                                   GORDON J. QUIST
                                             UNITED STATES DISTRICT JUDGE