UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RANDALL CURTIS WOTRING d/b/a
CARGO TRAPP INDUSTRIES, INC.,

      Plaintiff,

v.                                       Case No. 1:05-CV-570

SMITTYBILT AUTOMOTIVE            HON. GORDON J. QUIST
GROUP, INC.,

      Defendant.
_____/

## ORDER AMENDING ORDER AND JUDGMENT

The Court has before it Plaintiff's motion for entry of an amended order and judgment. In his motion, Plaintiff requests that the Court amend its January 31, 2006, Order and Judgment to award Plaintiff attorney fees in the total amount of $14,282.00. In its January 31, 2006, Opinion regarding Plaintiff's motion for default judgment, the Court declined to award Plaintiff any attorney fees based upon his failure to submit any records from which the Court could determine the reasonableness of the requested fee award.

In support of his request to amend the prior order and judgment, Plaintiff has submitted billing records showing the amount of attorney time spent in developing and filing the case. The billing records show that attorneys Gunther J. Evanina, Steven L. Underwood, and Brian R. Cheslek spent time on this case. Attorneys Evanina and Underwood, who apparently are partners, have hourly rates of $280, while attorney Cheslek, who apparently is an associate, has an hourly rate of $145. Plaintiff claims that $7,756 of the requested fee amount is for services leading up to the filing of the complaint, while $6,526 of the requested fee amount is for services subsequent to the filing of the complaint. Plaintiff's description of the $6,526 is not entirely accurate. Of this amount,

$1,779 was incurred up to the filing of the complaint, and the balance was incurred after that time. In addition, the Court notes that Plaintiff's requested amount does not even cover time spent preparing the application for entry of default, motion for entry of default judgment and proposed order, and motion for permanent injunction, as there are no entries for work performed after November 2, 2005.

The typical method for determining a reasonable attorney's fee pursuant to fee-shifting statutes is the "lodestar figure," which is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. See Wayne v. Village of Sebring, 36 F.3d 517, 531 (6th Cir. 1994) (citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983)). The federal circuit has approved of the lodestar method for determining fees pursuant to § 285. See Lam, Inc. v. Johns-Manville Corp., 718 F.2d 1056, 1068 (Fed. Cir. 1983) (stating that "[i]n determining the reasonableness of the award, there must be some evidence to support the reasonableness of *inter alia*, the billing rate charged and the number of hours expended"). District courts have also used the lodestar method in determining fees in patent cases under § 285. See Eli Lilly & Co. v. Zenith Goldline Pharms., 264 F. Supp. 2d 753, 757-58 (S.D. Ind. 2003); Gilbreth Int'l Corp. v. Lionel Leisure, Inc., 645 F. Supp. 732, 733 (E.D. Pa. 1986). In determining the lodestar, hours that are duplicative, excessive, or otherwise unnecessary should be excluded from the initial fee calculation. Hensley, 461 U.S. at 434, 103 S. Ct. at 1939-40. After determining the lodestar figure, a court should determine whether the fee should be adjusted in light of the results obtained. Id. at 434, 103 S. Ct. at 1940. The party seeking an award of fees has the burden of proving that his request is reasonable. See Perry v. Keulian, No. Civ. A. 96-1374, 1997 WL 459971, at *1 (E.D. Pa. July 25, 1997) (citing Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990)).

As noted above, Plaintiff's counsels' hourly rates are $280 for the partners and $145 for the associate. The Court concludes that these rates are reasonable and consistent with hourly billing

2

rates for intellectual property attorneys, as reported in the 2003 Economics of Law Practice survey by the State Bar of Michigan. See Economics of Law (2003) at 25 (reporting $260 as the median and mean rate for attorneys practicing in the field of intellectual property).

With regard to hours spent on the litigation, it appears that Plaintiff's counsel spent a total of 27.1 hours on the litigation aspect of this matter. Of those hours approximately 3.2 hours were spent on preparing the complaint and the cease and desist letter, and approximately 10.9 hours were spent working on a settlement that apparently fell through. Thus, Plaintiff's counsel spent 13 hours on other unspecified tasks relating to the case. Plaintiff has also submitted a separate billing record for 27.7 hours of other pre-complaint work performed by attorney Evanina. The billing statement shows that attorney Evanina spent at least 4 hours on a cease and desist letter and 18.2 hours on preparation of an opinion. The remaining hours were spent conferring either with the client or with other attorneys in the office.

Based upon its review of the materials filed in this case, the Court notes that this was a fairly straightforward matter involving Defendant's use of Plaintiff's patent without a license. The complaint is slightly more than two pages in length, and the only papers that Plaintiff filed in this case were an affidavit of service (docket no. 3), a proposed default judgment (docket no. 5), a five-page motion for default judgment (docket no. 6), a two-page motion for permanent injunction (docket no. 7), a proposed order (docket no. 8), and an application for entry of default (docket no. 11). Excluding the hours spent on preparing the complaint, the cease and desist letter, and the hours spent working on the settlement documents leaves approximately 13 hours of time spent on other matters. The Court concludes that 8 hours would have been a reasonable amount of time to prepare and file the various motions and proposed orders in this case, leaving approximately 5 hours for other matters, such as telephone conferences with the client and inter-office conferences between

attorneys. Therefore, the Court concludes that the 27.1 hours spent on litigating this matter were reasonable.[1]

As for the remaining 27.7 hours, the Court is at a loss to understand why Plaintiff's counsel spent over four hours preparing a cease and desist letter and why it was necessary to spend 18.2 hours preparing an opinion. While it may be that the preparation of the opinion was background investigation regarding the validity of Plaintiff's patent or whether Defendant's product was in fact infringing Plaintiff's patent, the Court believes that the hours incurred were excessive and therefore not reasonable given the simplicity of this case. However, the Court will allow 5 hours for investigating the claim and preparing the cease and desist letter as reasonable pre-litigation investigation. The Court will thus award Plaintiff $6,526 for 27.1 hours of work spent on the litigation and $1,400 (5 hours x $280/hr.) for work by attorney Evanina in investigating the claim and  preparing the cease and desist letter, for a total fee award of $7,925. Therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Motion For Entry Of Amended Order And Judgment (docket no. 17) is **GRANTED**. The Court's January 31, 2006, Order and Judgment is hereby amended to award Plaintiff $7,925 in attorney fees.


Dated:  April 5, 2006                                             /s/ Gordon J. Quist          
                                                                GORDON J. QUIST
                                                        UNITED STATES DISTRICT JUDGE

---

[1] As noted above, Plaintiff did not even submit billing statements for the documents his counsel prepared after this case was filed.